UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARION FRASIER, | Civil No.   07-0639 L (NLS) |
| --- | --- |
| Petitioner, | **ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |
| v. | |
| ROBERT HERNANDEZ, Warden | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than June 20, 2007,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial

remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

    Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

    Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

|   |   |
|---|---|
| 1 | (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |
| 2 |   |

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### **FAILURE TO STATE FACTUAL ALLEGATIONS FOR RELIEF IN PETITION**

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground."  Rule 2(c), 28 U.S.C. foll. § 2254.  *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief).  Here, Petitioner has violated Rule 2(c).  Although Petitioner does not fail to state grounds for relief in the Petition, he does fail to state any factual allegations in the Petition.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner).  The Court finds that the Petition contains

/ / /

1 conclusory allegations without any factual allegations. A federal court may not entertain a
2 petition that contains allegations which are conclusory.

3      This Court would have to engage in a tenuous analysis in order to attempt to identify and
4 make sense of the Petition. In order to satisfy Rule 2(c), facts must be stated, <u>in the petition</u>,
5 with sufficient detail to enable the Court to determine, from the face of the petition, whether
6 further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir.
7 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to
8 assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla.
9 1989). Here, the lack of factual allegations is support of grounds for relief prevents the
10 Respondent from being able to assert appropriate objections and defenses.

11      Due to Petitioner's unsatisfactory showing, the Court dismisses the action without
12 prejudice. Should Petitioner decide to file a new petition, he is advised to clearly and succinctly
13 state all grounds for relief and the factual allegations in support, using the First Amended
14 Petition form sent to Petitioner with this order.

15 <center>**CONCLUSION**</center>

16      For the foregoing reasons, the Petition is **DISMISSED** without prejudice and with leave
17 to amend. In order to have this case reopened, Petitioner must, ***<u>no later than June 20, 2007</u>***, (1)
18 pay the filing fee or provide adequate proof of his inability to pay ***and*** (2) submit a First
19 Amended Petition which cures the deficiencies set forth above. ***For Petitioner's convenience,***
20 ***the Clerk of Court shall attach to this Order a blank motion to proceed in forma pauperis and***
21 ***a blank First Amended Petition form***.

22      **IT IS SO ORDERED.**

23

24 DATED: April 30, 2007

25

26                                  M. James Lorenz
                                 United States District Court Judge

27

28